USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/21/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ADA CEPEDA, MINOR CHILD N.R., BY AND THROUGH PAULA CEPEDA,

    Plaintiff,

-against-

1452 REALTY LLC, PATRICK MANGAN, MICHAEL MANGAN, MARASH PALUSHAJ,

    Defendants.

Civ. No. 1:21-cv-00381-AT

**SETTLEMENT AGREEMENT, RELEASE AND ORDER OF DIMISSAL**

---

## INTRODUCTION

**WHEREAS,** Plaintiffs Ada Cepeda and Minor Child N.R., by and through his mother Paula Cepeda ("Plaintiffs"), commenced an action against Defendants 1452 Realty LLC, Patrick Mangan, Michael Mangan, and Marash Palushaj ("Defendants") in the United States District Court, Southern District of New York on or about January 15, 2021 identified by Docket No.: 1:21-cv-00381-AT, Document 1, seeking injunctive and declaratory relief, damages, costs, and fees to enforce their right to be reasonably accommodated under the Fair Housing Act and Fair Housing Amendments Act of 1988, the New York State and New York City Human Rights Laws, and regulations promulgated thereunder.

**WHEREAS,** Defendants interposed an Answer with affirmative defenses on or about February 11, 2021 identified by 1:21-cv-00381-AT, Document 26.

**WHEREAS,** Attorneys of the parties have been negotiating a settlement since the commencement of this action. As a result of the parties having engaged in settlement negotiations, the parties desire to resolve the above-referenced litigation and finally and fully settle all claims

asserted in this Action according to the terms set forth in the following Settlement Agreement, Release and Order (the "Agreement").

### I. TERMS AND SCOPE OF THE AGREEMENT

1. Any time limits for performance imposed by this Agreement may be extended by the mutual, written agreement of the parties or by the Court. A written agreement includes any agreement between the parties' attorneys via email.

2. Any reference herein to the term "Apartment" refers to the rent stabilized apartment at 1452 Beach Avenue, Apt. 25, Bronx, NY 10460.

3. This Agreement is not to be construed as an admission or acknowledgment of any wrongdoing or liability by either party.

4. This Agreement is to be deemed to have been jointly drafted and no provision herein is be interpreted or construed for or against any party because such party drafted or requested such provision or this Agreement as a whole.

### II. SETTLEMENT TERMS

1. Surrender of Existing Apartment.

    a. Plaintiffs shall vacate Apartment 25 located at 1452 Beach Avenue, Bronx, NY 10460, on or before July 15, 2021.

    b. Plaintiffs shall turn over the keys to the Apartment to by contacting Regina Solano, at (917) 449-4712 on or before July 15, 2021. Plaintiffs agree to leave the Apartment in broom clean condition, free from damage, aside from normal wear and tear, and vacant of all occupants. At the time of surrender of keys to the Apartment, the parties shall conduct a joint walk through of the old apartment. Any

property remaining in the Apartment after vacatur shall be deemed abandoned and may be removed by Defendants without liability.

   c. Defendants represent they have no record of a security deposit for Apartment 25 located at 1452 Beach Avenue, Bronx, NY 10460. However, if Plaintiffs produce proof of the security deposit, Defendants agree to comply with (d) and (e) of this section herein.

   d. Pursuant to the Housing Stability and Tenant Protection Act of 2019 ("HSTPA"), within fourteen (14) days after the vacatur inspection described above, Defendants agree to send Plaintiffs' counsel an itemized statement by email specifying any repairs needed and the portion of Plaintiffs' security deposit being retained, if any is held by Defendants.

   e. Defendants agree to return Plaintiffs' security deposit, if any, (or the remainder if any amount is being retained) within fifteen (15) days of Plaintiff's vacatur of the Apartment by providing a certified check made out to "Ada Cepeda" to be mailed to Plaintiff's counsel at the following address: Jean Fischman, Esq., Bronx Legal Services, 369 E. 148th St. 2nd Fl., Bronx, NY 10455.

   f. Defendants agree to waive Plaintiffs' June 2021 tenant rent share totaling $327.00. The parties agree that Plaintiffs maintain a zero rental balance through June 30, 2021, and owe no rent arrears or fees.

   g. Plaintiff Ada Cepeda shall otherwise comply with all terms of her lease for the Apartment until vacatur, except as to provisions about the payment of rent unless otherwise specified herein.

2. Damages.

a. Defendants agree to pay Plaintiff Ada Cepeda thirty thousand dollars ($30,000.00) in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. Defendants will issue payment to Plaintiff Ada Cepeda in the form of certified bank check made payable individually to "ADA CEPEDA" within seven (7) days of Plaintiff's vacatur of the Apartment to be made available for pick up by Plaintiff's counsel at the following address: Law Office of Todd Rothenberg, Esq., 271 North Avenue, Suite 115, New Rochelle, NY 10801.

b. Defendants agree to pay Paula Cepeda as guardian of Plaintiff Minor Child N.R. five thousand dollars ($5,000.00) in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. Defendants will issue payment in the form of a certified bank check made payable to "NY ABLE" within seven (7) days of Plaintiff's vacatur of the Apartment to be made available for pick up by Plaintiff's counsel at the following address: Law Office of Todd Rothenberg, Esq., 271 North Avenue, Suite 115, New Rochelle, NY 10801.

c. Defendants agree to provide proof of certified bank checks to be held by Defendants' counsel in the amounts specified in paragraphs 2.a. and 2.b. within six (6) business days of execution of this agreement to Plaintiff's counsel by email.

d. Defendants shall promptly reissue and deliver any checks to Plaintiffs and their counsel due to loss, error, theft, damage, or insufficient funds upon notice from Plaintiffs' counsel. Defendants agree to reissue the payment specified in paragraph 2.b. above, if there is any issue with Plaintiff Minor Child N.R.'s "ABLE" account and the cashing of the funds.

e. Defendants agree to complete and return an executed Form 1099-MISC for Plaintiff's tax purposes.

## III. RELEASE AND DISMISSAL

1. In consideration for the terms and conditions set forth in the Agreement, Plaintiffs and their heirs agree to the dismissal of all the claims against the Defendants and to hereby discharge and fully and finally release Defendants 1452 Realty LLC, Patrick Mangan, Michael Mangan, Marash Palushaj, their present and future parent and/or subsidiary companies, agent, attorneys, servants, employees, officers, representatives, directors, members, successors, affiliates, predecessors and assigns from all claims and defenses asserted in this Action to date.

2. It is understood that this settlement is a compromise of any and all claims for loss relating to this Action, and that the payment described above does not constitute an admission of any fact at issue in the claim and does not constitute an admission of liability.

## IV. ADMINISTRATION OF SETTLEMENT

1. The United States District Court for the Southern District of New York shall retain jurisdiction to enforce the terms of this Agreement and to adjudicate any claims reserved herein upon the filing of an appropriate motion by either party. This Agreement shall be binding on Defendants and any of their employees, representatives, officers, heirs, assigns, subsidiaries, or successors in interest, as well as on the Plaintiff.

2. The parties to this Agreement shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with the Agreement prior to bringing such matters to the Court for resolution.

3. Nothing shall bar any action by any of the parties to enforce or effectuate the terms of this

Stipulation.

## V. LEGAL REPRESENTATION

1. The parties shall bear their respective attorneys' fees and costs incurred in this action up to the date of entry of the Agreement by the Court.

## VI. SEVERABILITY

1. If any provision of this Agreement is declared invalid or unenforceable by a court having competent jurisdiction, it is mutually agreed that this Agreement shall endure except for the part declared invalid or unenforceable by order of such court, unless the elimination of the invalid provision shall materially affect the intent of this Agreement.

## VII. COMMUNICATIONS

1. Documents required to be provided under this Agreement are to be sent by e-mail and overnight mail as follows:

   For Plaintiff:
   Bronx Legal Services
   Jean Fischman, Esq
   Chelsea Breakstone, Esq.
   369 East 148th Street, 2nd Floor
   Bronx, NY 10455
   Email: jfischman@lsnyc.org

   For Defendants:
   Todd Rothenberg, Esq.
   271 North Avenue, Suite 115
   New Rochelle, NY 10801
   Email: boris@trothenbergesq.com

## VIII. ENTIRE AGREEMENT

1. Both parties agree that this Agreement will be submitted to the Court and subject to Court approval pursuant to S.D.N.Y. Local Rule 83.2 (Settlement of Actions by or on Behalf of

Infants or Incompetents, Wrongful Death Actions, and Actions for Conscious Pain and Suffering of the Decedent).

2. If the Court denies final approval or materially modifies the settlement, in any manner other than modifying the apportionment of the Settlement Amount as detailed in Paragraphs 2.a. and 2.b. above, then either Party shall have the right to terminate this Agreement and Release and render its terms null and void. If the settlement becomes null and void, the Parties shall be restored to their respective positions in this Action and the terms of this Agreement and Release shall have no force and effect with respect to the Parties and shall not be used in this or any other action for any purpose. The Action will proceed as if no settlement had been attempted. Except that each party shall be entitled to an extension of time to comply with any obligation that may have accrued related to the litigation of this action resulting from the delays associated with this settlement, its negotiation and seeking its approval.

3. Each Party acknowledges that this Agreement contains all of the terms of agreement between them with regard to settling their claims against one another.

4. This Agreement may not be modified orally, but only in a writing executed by the Parties.

5. This Agreement may be signed in counterparts, such that signatures appear on separate signature pages. Copies or facsimiles of signatures are the equivalent of original signatures.

IN WITNESS WHEREOF, and intending to be legally bound, the Settlement Agreement, Release, and Order has been signed by representatives for the Parties as shown below.

BRONX LEGAL SERVICES<br>
Attorneys for Plaintiff<br>
ADA CEPEDA, MINOR CHILD N.R., BY<br>
AND THROUGH PAULA CEPEDA

By: /s/
Dated: July 8, 2021
Name: Chelsea L. Breakstone, Esq.

TODD ROTHENBERG, ESQ.
Attorneys for Defendants
1452 REALTY LLC, PATRICK MANGAN, MICHAEL MANGAN, MARASH PALUSHAJ,

By: /s/
Name: Todd Rothenberg Esq
Dated: July 8, 2021

SO ORDERED.

Dated: September 21, 2021
      New York, New York

_____
ANALISA TORRES
United States District Judge